### FIRST NAT. BANK OF SAN MATEO COUNTY AT REDWOOD CITY

v.

### RECONSTRUCTION FINANCE CORP.

No. 30297.

United States District Court,
N. D. California, S. D.
Sept. 28, 1953.

Philip S. Ehrlich, Albert A. Axelrod, Julien R. Bauer and Philip S. Ehrlich, Jr., San Francisco, Cal., for plaintiff.

John L. Bradley and Crimmins, Kent, Draper & Bradley, San Francisco, Cal., for defendant.

OLIVER J. CARTER, District Judge.

This is an action for breach of a written contract, entitled "Blanket Participation Agreement", alleging damages in the amount of $30,540.02. Plaintiff, San Mateo National Bank, is a national banking association, and defendant, Reconstruction Finance Corporation, is a corporate-form agency of the United States Government.

The "Blanket Participation Agreement" is a printed, standard-form document, prepared by defendant, and designed for use in a large volume of agreements of an identical nature between defendant and banks located throughout the United States. When a bank enters into such an agreement with Reconstruction Finance Corporation, the only additions to the printed form, which are written into blanks provided for that purpose, are: (1) the date of executing the agreement; (2) a date which serves as the basis for computing time periods for certain performances due thereunder; (3) the name of the contracting bank; (4) the signatures of an officer of each of the contracting parties.

The "Blanket Participation Agreement" provides that, as to certain types of defined loans and under certain described conditions, defendant will purchase a participation in outstanding loans made by plaintiff bank. Defendant's proportionate share of each such obligation was to be determined by the election of plaintiff, but in no instance was to exceed 75% of any particular loan.

On April 16, 1945 plaintiff and defendant executed a "Blanket Participation Agreement." At that time there existed a contract in form, but not in substance, because that instrument imposed no obligation upon plaintiff, and plaintiff had given nothing in return for defendant's promise. Plaintiff did not promise to make any loans at all or to apply any loans it did make to the operation of the agreement. Thus, the "Blanket Participation Agreement" is nothing more than an offer by defendant to enter into a series of unilateral contracts, acceptable from time to time by plaintiff by performance of one or more of the acts required, i. e., the making of a loan of the type contemplated.

About one year after the execution of the "Blanket Participation Agreement" plaintiff undertook to accept defendant's continuing offer by making a $127,000 loan to Francis Britschgi. Pursuant to the terms of the agreement, plaintiff gave defendant timely notice that plaintiff had made the Britschgi loan and was designating it as a loan entitled to the protection of the agreement up to the extent of 75%. Thereafter, in connection with the Britschgi loan, plaintiff submitted periodic reports and made payments of "participation charges" to defendant, all as required by the terms of the agreement. Both parties treated the Britschgi loan as a routine matter, no different from other loans which plaintiff had designated as entitled to the protection of the agreement, until Britschgi defaulted in his payments. Then, after the plaintiff had, in December, 1948, requested defendant to purchase its agreed participation in the loan, defendant refused to so perform upon the ground that it had no such liability under the terms of the agreement.

This refusal of defendant to purchase participation in the Britschgi loan is the alleged breach of contract upon which

plaintiff bases its action for damages. Defendant has made a counterclaim, alleging damages resulting from negligence on the part of plaintiff in granting, administering, servicing and collecting the Britschgi loan, upon the theory that if plaintiff is to be given judgment, defendant should nevertheless receive an exactly offsetting judgment on the counterclaim. Trial was had before the court sitting without a jury. All issues were then argued, briefed and submitted for decision.

 A bank who brings an action against the Reconstruction Finance Corporation for breach of a "Blanket Participation Agreement" has the burden of proving that it has performed all conditions precedent to the liability of Reconstruction Finance Corporation. Oklahoma National Bank v. R. F. C., D.C.W. D.Okl. [unreported], No. 4717, Sept. 30, 1950. Plaintiff has here failed to sustain such burden of proof. It is a condition precedent to the liability of defendant to purchase participation in a loan that such loan comply with the requirements set out in Paragraph 2 of the "Blanket Participation Agreement." The Britschgi loan does not comply with such requirements because: (1) it does not mature within ten years from the date of the first disbursement made under the loan; and (2) one of the instruments of indebtedness evidencing the loan bore interest at a rate in excess of four percent per annum.

 Plaintiff seeks to avoid the implications of a failure to prove compliance with conditions precedent upon its part by invoking the doctrines of estoppel and waiver. The elements of proof requisite to establish an estoppel have been set forth in Van Antwerp v. United States, 9 Cir., 92 F.2d 871, 875, as follows:

" '(1) There must be false representation or wrongful misleading silence.

" '(2) The error must originate in a statement of fact and not in an opinion or a statement of law.

" '(3) The person claiming the benefits of estoppel must be ignorant of the true facts, and

" '(4) be adversely affected by the acts or statements of the person against whom an estoppel is claimed.' "

Without reaching the question of whether plaintiff has proved any of the elements of an estoppel, it is apparent that he has failed to establish all of them, as is required to invoke the doctrine, in that the proof shows that plaintiff was not ignorant of the true facts. Nor can plaintiff rely upon the doctrine of waiver because he has failed to prove any authority to waive the pertinent requirements of the agreement on the part of officials of the Reconstruction Finance Corporation who handled this loan. Defendant can be bound by estoppel or waiver only through the acts of its agents within the scope of their authority. See Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L. Ed. 10; Reconstruction Finance Corp. v. Martin Dennis Co., 3 Cir., 195 F.2d 698.

For the reasons stated above, plaintiff has failed to prove a breach of contract on the part of defendant. Accordingly, judgment must go in favor of defendant. Under the circumstances it is unnecessary to rule upon defendant's motion to dismiss under Rule 41(b), Fed. Rules Civ.Proc. 28 U.S.C.A. Counsel for defendant are directed to prepare findings of fact, conclusions of law and judgment in accordance herewith.